UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MARVIN ODUMS,

                Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF BUILDINGS;
NEW YORK CITY HOUSING PRESERVATION &
DEVELOPMENT; NEW YORK CITY DEPARTMENT
OF PUBLIC ADMINISTRATION; NEW YORK CITY
DEPARTMENT OF HEALTH; NEW YORK CITY
DEPARTMENT OF FINANCE; NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL
PROTECTION; THE CITY OF NEW YORK;
THE STATE OF NEW YORK; THE PEOPLE OF NEW
YORK; NEW YORK DEPARTMENT OF
SANITATION; THE LAW FIRM OF ROSICKI,
ROSICKI & ASSOCIATES; JUDGE MARSHA
STEINHART, New York Supreme Court; PATRICIA
SCIPIO-BRIM, Esq.; NYCTL-1996 TRUST,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-6684 (NG)(LB)

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y:
★ APR 19 2007 ★
P.M. _____
TIME A.M. _____

**GERSHON, United States District Judge:**

On December 18, 2006, Marvin Odums, appearing *pro se*, filed the instant action alleging that defendants are in violation of his rights protected under the Fifth Amendment. On February 27, 2007, the State of New York and Judge Marsha Steinhart (the "State Defendants") served on Mr. Odums their motion to dismiss. In the cover letter accompanying their motion, the State Defendants advised Mr. Odums to serve his opposition papers on the State Defendants within two weeks of February 27, 2007. To date, Mr. Odums has not responded to the motion or requested an extension of time to do so. Accordingly, the State Defendants' motion to dismiss will be considered

unopposed, and for the reasons outlined below, the State Defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff raises two causes of action centered around a property belonging to him located at 125 Jefferson Avenue in Brooklyn (the "property"). Plaintiff's first cause of action relates to the demolition of a building located on the property. Plaintiff alleges that in November 1993, the Department of Buildings "illegally demolished" a building on the property under the direction of the Department of Housing Preservation and Development. Compl. at 2. Plaintiff claims that the City "did not compensate [him] justly for the value of the property which it has taken." Id. In addition to incurring costs to "replace and protect his [p]roperty," id., plaintiff alleges that he has had to compensate a neighboring property owner for damages caused by the City's "illegal demolition." Id. at 3.

Plaintiff's second cause of action challenges a proceeding against him currently pending in Supreme Court, Kings County. See NYCTL 1996-1 Trust v. Odums, Index No. 29715/2001 (N.Y. Sup. Ct.). Plaintiff alleges that in 1996, the City charged him $46,000 plus interest for the demolition of his property and subsequently converted the amount into a tax lien on the property. Compl. at 3. Plaintiff alleges that the tax lien was transferred to NYCTL-1996 Trust, who filed the state court action against him in 2001 in an attempt to foreclose on the property. Id. On May 5, 2005, summary judgment was entered against plaintiff; however, the order granting summary judgment was vacated on September 22, 2005, and another summary judgment motion was filed against the plaintiff on January 12, 2007. See NYCTL 1996-1 Trust v. Odums, Index No. 29715/2001 (N.Y. Sup. Ct.). Plaintiff alleges numerous violations in the prosecution of the case against him. Compl. at 3-4.

In the instant action, plaintiff sues two groups of defendants: (1) the City Defendants

involved in the demolition of the building on the property and the imposition of fines against him; and (2) the parties involved in the state court foreclosure proceeding against him, including: the presiding judge; the state court system; NYCTL-1996 Trust; its attorneys, Rosicki, Rosicki and Associates, P.C.; and Patricia Scipio-Brim, Esq., the appointed referee in the case. Plaintiff seeks $5,000,000 from the City of New York and its agencies, $875,000 from the State, and $50,000 from NYCTL-1996 Trust and its attorneys. Id. at 4. Plaintiff also requests declaratory and injunctive relief with regard to the foreclosure action against him. Id. at 4-5.

## DISCUSSION

### A. Standard of Review

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

### B. Section 1983

The Court construes plaintiff's claims as brought under 42 U.S.C. § 1983, which governs civil rights actions against persons acting under color of state law. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."

Id. "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

C. State Immunity

Plaintiff's § 1983 claims seeking damages against the State defendants are barred under the Eleventh Amendment. Plaintiff names the State of New York and the People of New York–the latter, presumably, representative of the state court system as a whole–as defendants. The Eleventh Amendment of the United States Constitution bars suits for damages in a federal court by private parties against a state or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. Bd. of Trs. of Univ. of Alabama v. Garrett, 531 U.S. 356, 362 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Cf. Edelman v. Jordan, 415 U.S. 651, 677 (1974) ("federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief"). The State of New York State and its court system have not consented to suit in federal court. Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977). Accordingly, plaintiff's claims seeking damages against these two defendants are dismissed as frivolous. See Fitzgerald, 221 F.3d at 363; Montero, 171 F.3d at 760.

D. Judicial Immunity

Furthermore, Judge Marsha Steinhart has absolute immunity from suit for judicial acts performed in her judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages") (citations omitted); Butz v. Economou, 438 U.S. 478, 511 (1978) (judges have absolute immunity "because of the special nature of their responsibilities"); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (judges immune from liability for damages for acts committed within their judicial jurisdiction). This

absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978)). Accordingly, plaintiff's claims against Judge Steinhart are dismissed as frivolous. See Fitzgerald, 221 F.3d at 363; Montero, 171 F.3d at 760.

## CONCLUSION

Accordingly, plaintiff's claims seeking damages against the State of New York and the People of New York are dismissed as frivolous pursuant to Fitzgerald, 221 F.3d at 363. Plaintiff's claims against Judge Marsha Steinhart, including those claims seeking declaratory or injunctive relief, are also dismissed as frivolous. Id.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ NG

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
April __, 2007