UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────X

MARVIN ODUMS,

        Plaintiff,                                **ORDER**

                                                               06-CV-6684 (NG)(LB)

   -against-

NEW YORK CITY DEPARTMENT OF BUILDINGS;
NEW YORK CITY HOUSING PRESERVATION &
DEVELOPMENT; NEW YORK CITY DEPARTMENT
OF PUBLIC ADMINISTRATION; NEW YORK CITY
DEPARTMENT OF HEALTH; NEW YORK CITY
DEPARTMENT OF FINANCE; NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL
PROTECTION; THE CITY OF NEW YORK;
THE STATE OF NEW YORK; THE PEOPLE OF NEW
YORK; NEW YORK DEPARTMENT OF
SANITATION; THE LAW FIRM OF ROSICKI,
ROSICKI & ASSOCIATES; JUDGE MARSHA
STEINHART, New York Supreme Court; PATRICIA
SCIPIO-BRIM, Esq.; NYCTL-1996 TRUST,

        Defendants.
───────────────────────────────────────────────X

**GERSHON, United States District Judge:**

      On December 18, 2006, *pro se* plaintiff Marvin Odums filed a complaint alleging that, "without consideration for the New York State administrative code," defendants violated the rights guaranteed to him under the Fifth Amendment of the United States Constitution. The City of New York, the Department of Buildings, the Department of Housing Preservation and Development, the Department of Public Administration, the Department of Health and Mental Hygiene, the Department of Finance, and the Department of Environmental Protection (collectively "City Defendants") now move to dismiss Mr. Odums's claims pursuant to Rule

1

12(b)(6) of the Federal Rules of Civil Procedure, arguing that, among other things, Mr. Odums's claims are untimely.

## BACKGROUND

Mr. Odums alleges that in November 1993 the City Defendants "illegally demolished" a building located on Mr. Odums's property at 125 Jefferson Avenue in Brooklyn and "did not compensate [him] justly for the value of the property . . . taken." In addition to costs incurred to "replace and protect his [p]roperty," Mr. Odums alleges that he was required to compensate his neighbor for damage inflicted by the City Defendants on his neighbor's property during the "illegal demolition" of the building located on Mr. Odums's property.

Mr. Odums further alleges that, in 1996, the City Defendants charged him $46,000 plus interest for the demolition of his building and converted that amount into a tax lien on the property at 125 Jefferson Avenue. According to Mr. Odums, the City Defendants sold this tax lien to NYCTL-1996 Trust, and NYCTL-1996 Trust later filed a state court action against him in 2001 to foreclose on the property. *See* NYCTL 1996-1 Trust v. Odums, Index No. 29715/2001 (N.Y. Sup. Ct. Kings Cty.).[1] Mr. Odums alleges that his rights were violated in numerous ways during this state court proceeding.

In the present action, Mr. Odums sues two groups of defendants: (1) the City Defendants who allegedly (a) demolished the building located on his property, (b) imposed an improper tax

---

[1] According to state court documents submitted by the City Defendants as part of their motion to dismiss Mr. Odums's claims in the instant action, Mr. Odums filed an amended third party complaint against the City of New York in the state court action on June 19, 2006, alleging essentially the same claims as are alleged against the City Defendants in the instant action. On March 23, 2007, the Supreme Court, Kings County, entered summary judgment in favor of NYCTL-1996 Trust, and Mr. Odums's third party claims against the City of New York were dismissed as untimely. *See* NYCTL 1996-1 Trust v. Odums, Index No. 29715/2001, slip op. at 7-8 (N.Y. Sup. Ct. Kings Cty. March 23, 2007) (J. Starkey).

lien on his property, and (c) sold the allegedly improper tax lien to NYCTL-1996 Trust; and (2) the parties involved in NYCTL-1996 Trust's state court foreclosure proceeding against him, including: Judge Marsha Steinhart, the presiding judge; the state court system; NYCTL-1996 Trust; Rosicki, Rosicki and Associates, P.C., attorneys for NYCTL-1996 Trust; and Patricia Scipio-Brim, Esq., the appointed referee in the state court case.[2]

For the reasons stated below, the City Defendants' motion to dismiss is granted.

## DISCUSSION

On a motion to dismiss, the allegations in the complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998). When considering a motion to dismiss, "the court is to look only to the allegations of the complaint and any documents attached to or incorporated by reference in the complaint . . . and to view all reasonable inferences that can be drawn from such allegations and documents in the light most favorable to the plaintiff." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) (internal quotations and citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, citations, and alterations omitted). A plaintiff must assert "'enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Nevertheless, a document filed *pro se* still must be "liberally

---

[2] By order dated April 18, 2007, the court dismissed Mr. Odums's claims against Judge Marsha Steinhart based on judicial immunity and dismissed Mr. Odums's claims against the State of New York and the People of New York based on Eleventh Amendment immunity

3

construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted), *quoting Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197 (2007) (per curiam).

The court construes Mr. Odums's claims as brought under 42 U.S.C. § 1983, which governs civil rights actions against persons acting under color of state law. To begin with, it has been widely held that agencies of the City of New York cannot be sued independently under § 1983. *See*, *e.g.*, *Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996), (citing New York City Charter, Chapter 17, § 396, which provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency"). Thus, to the extent Mr. Odums asserts § 1983 claims against agencies of the City of New York, these claims are dismissed for failure to state a claim upon which relief may be granted.

Mr. Odums's § 1983 claims against the City of New York are time-barred. The statute of limitations for § 1983 claims that accrue in New York is three years. *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331-332 (2d Cir. 1997). Federal law, which governs the accrual of claims brought under § 1983, provides that § 1983 claims begin to accrue "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).

In the present case, Mr. Odums's complaint alleges that the City (1) illegally demolished a building on his property in 1993, and (2) imposed an illegal tax lien on his property in 1996 and then sold the tax lien to NYCTL-1996 Trust, which brought a state court foreclosure action

against Mr. Odums in 2001. Nevertheless, Mr. Odums waited until December 18, 2006 to file his complaint against the City, more than three years after the alleged impermissible conduct and harm.[3] Mr. Odums's § 1983 claim against the City therefore is barred by the statute of limitations.

To the extent that Mr. Odums's complaint asserts *state law* claims for damages based on the demolition of his building in 1993, these claims are also untimely. *See* N.Y. C.P.L.R. § 214 (providing that, under New York law, "an action to recover damages for an injury to property" must be brought within three years).[4] Furthermore, to the extent that Mr. Odums's complaint asserts state law claims based on the City Defendants' imposition of a tax lien in 1996, his claims are untimely as well. "Actions by taxing officers can be reviewed only in the manner prescribed by statute." *Bankers Trust Corp., v. New York City Dept. of Finance*, 1 N.Y.3d 315, 321 (2003) (finding that, with regard to its tax dispute with the New York City Department of Finance, plaintiff was required to exhaust administrative remedies before filing an action in court). New York law provides that the appropriate vehicle for obtaining judicial review of the City's imposition of taxes is pursuant to N.Y. C.P.L.R § 7801 ("Article 78"), and such an action must

---

[3] Although Mr. Odums's complaint does not indicate the date on which he first learned of the damage to his neighbor's property, Mr. Odums would have had reason to know of the damage to his neighbor's property at the time of the City's demolition.

[4] N.Y. C.P.L.R. § 212 provides a 10-year statute of limitations for actions "to recover real property or its possession." In the present action, Mr. Odums does not allege that the City Defendants are in possession of his real property. Mr. Odums seeks removal of a tax lien and money damages for the demolition of his building. Nevertheless, even if Section 212's 10-year statute of limitations applied to Mr. Odums's claims against the City Defendants, these claims still would be untimely. Demolition of Mr. Odums's building occurred thirteen years before Mr. Odums filed the present action. Furthermore, according to Mr. Odums's state court third party complaint against the City of New York, *See* Affidavit of Christina Hoggan, Exhibit N, the City allegedly sold its tax lien on Mr. Odums's property to NYCTL-1996 Trust on November 15, 1996, more than ten years before he filed the present action on December 18, 2006.

be filed within four months of the final determination of the amount of tax payable. N.Y. Tax Law § 1243(a);[5] *Triway Realty Corp. v. City of New York*, 218 A.D.2d 592 (1st Dept.1995) (noting that the proper method for plaintiff's challenge to the City of New York's tax liens should have been "a proceeding pursuant to CPLR Article 78 commenced within four months after the determination became final and binding") (internal citations omitted). A determination becomes final and binding when a party "received notice of the determination and was aggrieved by it." *Id.* (finding that City of New York's tax lien determinations became final and binding, at the latest, when plaintiff received notice that City of New York had canceled its agreement with plaintiff and resumed foreclosure proceedings). In the present case, the record does not reflect whether Mr. Odums sought administrative review of the tax lien that he alleges the City imposed in 1996. However, at the very latest, Mr. Odums received notice and was aggrieved by the City Defendants' 1996 tax lien at the time that NYCTL-1996 Trust began foreclosure proceedings against him in 2001, almost five years before he filed the instant complaint. Mr. Odums in his opposition to the City Defendants' motion to dismiss does not offer any explanation for his delay

---

[5] N.Y. Tax Law § 1243(a) provides that, for taxes administered by cities, counties and school districts:

> Any final determination of the amount of any tax payable under sections twelve hundred one through twelve hundred four shall be reviewable for error, illegality or unconstitutionality or any other reason whatsoever by a proceeding under article seventy-eight of the civil practice law and rules if application therefor is made to the supreme court within four months after the giving of the notice of such final determination . . .

N.Y. Tax Law § 1201further provides that New York City "through its local legislative body, is hereby authorized and empowered to adopt and amend local laws imposing . . . [t]axes on the privilege of . . . owning, holding, or occupying any property . . ."

in filing the instant action.  Accordingly, Mr. Odums's claims against the City—whether based on state law or federal law—are untimely.

## CONCLUSION

For the reasons outlined above, the City Defendants' motion to dismiss is granted.  The City of New York and all city agencies are hereby dismissed.


**SO ORDERED.**


_____/s/\_\_\_\_\_
**NINA GERSHON**
**United States District Judge**

**Dated:  Brooklyn, New York**
       **September 9, 2008**