UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MARVIN ODUMS,

        Plaintiff,

**REPORT AND RECOMMENDATION**
**06 CV 6684 (NG)(LB)**

  -against-

LAW FIRM OF ROSICKI, ROSICKI &
ASSOCIATES, PATRICIA SCIPIO-BRIM, ESQ.
and NYCTL-1996 TRUST,

        Defendants.

---------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

  The instant action was referred to me for all pretrial purposes. The Court scheduled two Fed. R. Civ. P. Rule 16 pretrial conferences in this matter. Plaintiff failed to appear at both conferences and has failed to contact the Court. The Court's October 8, 2008 Order specifically warned plaintiff that I would recommend that his case should be dismissed if he failed to appear at the second conference on October 29, 2008. Plaintiff did not appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

### BACKGROUND

  On December 18, 2006, plaintiff filed this *pro se* action pursuant to 42 U.S.C. §1983. See docket entry 1. Specifically, the complaint alleges that in November 1993, the Department of Buildings, under the direction of the Department of Housing Preservation and Development, illegally demolished a building on plaintiff's property and failed to compensate plaintiff for the "value of the property." Id. at 2. Plaintiff further alleges that he incurred costs to replace and protect his property

and to compensate a neighboring property owner for damages due to the demolition. Id. at 3. Plaintiff also states that the City charged him $46,000 plus interest for the demolition of the property and converted the amount into a tax lien against the property. Id. The City later sold the lien to NYCTL-1996 Trust, which commenced a foreclosure action against plaintiff in 2001. Id.

By Memorandum and Order dated April 18, 2007, the Court dismissed plaintiff's claims against the State of New York and the People of New York based on Eleventh Amendment immunity, and Judge Steinhart, the presiding Judge in the State foreclosure proceeding, based on judicial immunity. See docket entry 12 at 3, 4. By Order dated September 9, 2008, the Court dismissed plaintiff's claims against the agencies of the City of New York for failure to state a claim upon which relief may be granted. See docket entry 26 at 4. The Court also dismissed plaintiff's claims against the City of New York as time barred. Id. at 4, 5.

The Court scheduled an initial conference for October 7, 2008. See docket entry 28. However, plaintiff failed to appear and did not contact the Court prior to the scheduled conference. Defendant Patricia Scipio-Brim, Esq., the appointed referee in the State foreclosure proceeding, appeared with counsel and informed the Court that she was never served with process in this proceeding and that the only reason she appeared was because she was notified by my chambers of the conference. See docket entry 30. The Court rescheduled the conference for October 29, 2008 and warned plaintiff that if he did not timely appear at the October 29, 2008 conference, the Court would dismiss the case. Id. However, plaintiff again failed to appear for the scheduled October 29, 2008 conference and he has not contacted the Court. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order . . .." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

The Court warned plaintiff that this action would be dismissed if he failed to appear for the October 29, 2008 conference. Plaintiff did not appear. Plaintiff should not be afforded unlimited chances to obey the Court's orders. Plaintiff has twice failed to attend Court conferences despite the Court's explicit warning that his failure to appear on October 29, 2008 would result in my recommendation that this case should be dismissed.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: November 5, 2008
      Brooklyn, New York